IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ALLIED INC., REALTORS,<br><br>        Plaintiff,<br><br>v.<br><br>(2) CONTINENTAL CASUALTY COMPANY,<br><br>        Defendant. | Case No: CIV-18-62-D<br><br>Removed from District Court<br>for Oklahoma County<br>Case No. CJ-2017-7259 |

## CONTINENTAL CASUALTY COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Continental Casualty Company ("Continental") hereby removes to this Court the case styled *Allied Inc. Realtors v. Continental Casualty Company*, Case No. CJ-2017-7259, from the District Court in and for Oklahoma County, State of Oklahoma, based on the following grounds:

1. On or after December 22, 2017, Plaintiff Allied Inc., Realtors ("Allied") filed a petition in the District Court in and for Oklahoma County, State of Oklahoma.

2. The Petition names Continental as the sole defendant in that case.

3. Continental was served via the Oklahoma Insurance Department, which received the Petition on or about January 5, 2018.

4. Continental received the Petition and Summons on or about January 9, 2017, true and correct copies of which are attached as Exhibit A.

5. This Notice of Removal is filed within thirty (30) days of the Petition's service on Continental and its receipt thereof, making removal of this action timely under 28 U.S.C. § 1446(b).

6.   This case is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1332(a).  This civil action is between citizens of different states and, based on the allegations in the Petition and the underlying lawsuit for which Allied seeks coverage, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7.   Specifically, Plaintiff Allied is an corporation organized and existing under the laws of the State of Oklahoma, with its principal place of business in Oklahoma. (Ex. A, Pet. ¶ 1).

8.   Defendant Continental is a corporation organized and existing under the laws of the state of Illinois, with its principal place of business in Illinois.  (Ex. A, Pet. ¶ 2).

9.   The amount in controversy requirement is also satisfied.  As explained below, although the Petition alleges that Allied has incurred less than $75,000 in attorney's fees and costs and asserts that Allied seeks less than $75,000 in damages in this matter (Ex. A, Pet. ¶ 17), Allied seeks additional relief that establishes the total amount in controversy is substantially greater than $75,000.

10.  Allied also seeks: (1) a declaration that Continental has a duty to defend and indemnify Allied in the case styled *Ross Weaver and Alexandra Stankus v. S and D Homes, Inc., et al.*, Case No. CJ-2014-637, pending in Canadian County, State of Oklahoma (the "*Weaver* Lawsuit") (Ex. A, Pet. ¶¶ 8, 15); (2) an award of punitive damages against Continental (*Id.* ¶ 16); and (3) an award of the attorney's fees and costs that Allied incurs in this action (*Id.* ¶ 17).

11. By itself, the declaratory relief sought by Allied fully satisfies the $75,000 amount in controversy requirement. *Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006) ("In cases seeking declaratory and injunctive relief, 'the amount in controversy is measured by the value of the object of the litigation.'") (quotation omitted). Allied seeks both a declaration that Continental has a duty to defend Allied in the *Weaver* Lawsuit and a declaration that Continental has a duty to indemnify Allied for any amounts awarded against Allied in the *Weaver* Lawsuit. (Ex. A, Pet. ¶ 15). Because the *Weaver* Lawsuit plaintiffs state in their operative second amended petition, a true and correct copy of which is attached hereto as Exhibit B, that they seek more than $190,500 from Allied, the value of the declaratory relief sought by Allied exceeds the amount in controversy requirement. (Ex. B, *Weaver* Lawsuit 2d Am. Pet. ¶ 48).

12. Allied's demand for punitive damages and attorney's fees in this action further supports finding the amount in controversy requirement satisfied. *See, e.g.*, *Woodmen of World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1218 (10th Cir. 2003) ("Punitive damages may be considered in determining the requisite jurisdictional amount."); *Molzahn v. State Farm Mut. Auto. Ins. Co.*, 422 F.2d 1321, 1322 (10th Cir. 1970) (holding that attorney's fees sought by plaintiff counted toward satisfying the amount in controversy requirement).

13. Pursuant to 28 U.S.C. § 1446(d), Continental will give notice promptly, upon filing of this Notice of Removal, to all parties of record and to the Clerk of the District Court in and for Oklahoma County, State of Oklahoma.

14. The Summons and Complaint (attached to this Notice of Removal as Exhibit A) were the only filings in this action served on Continental. Accordingly, this Notice of Removal includes all process, pleadings, and orders served upon Continental to date.

15. As required by LCvR R81.2(a), Continental has attached a true and correct copy of the State Court Docket Sheet as Exhibit C.

Therefore, having met all the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including all jurisdictional requirements established by 28 U.S.C. § 1332, Continental gives notice that it removes the captioned case to the United States District Court for the Western District of Oklahoma.

Dated: January 22, 2018

s/Roger N. Butler, Jr.
ROGER N. BUTLER, JR., OBA #13668
SECREST HILL BUTLER & SECREST, PC
7134 South Yale, Suite 900
Tulsa, OK 74136-6360
(918) 494-5905 Telephone
(918) 494-2847 Facsimile
rbutler@secresthill.com

*Attorneys for Continental Casualty Company*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 22nd day of January, 2018, I caused a copy of the foregoing Notice of Removal, its attachments, and the accompanying civil cover sheet to be sent by first class mail, postage prepaid, to the following individuals:

Andrew C. Jayne, Esq.
Tara D. Zickefoose, Esq.
BAUM GLASS & JAYNE
Mid-Continent Tower
401 S. Boston Ave., Suite 2300
Tulsa, OK  74103

*Counsel for Allied Inc., Realtors*

                                        Roger N. Butler, Jr.